IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| OWNERS INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| JAMES GALIAH, EMC MORTGAGE | ) | |
| CORPORATION, WELLS FARGO & | ) | |
| COMPANY f/k/a WACHOVIA BANK, | ) | |
| JPMORGAN CHASE BANK, THE PRIVATE | ) | |
| BANK Formerly known as PIEDMONT BANK | ) | |
| OF GEORGIA, OLDCASTLE APG SOUTH, | ) | |
| INC. d/b/a GEORGIA MASONRY SUPPLY, | ) | |
| CONYERSWINNELSON, CO., BANK OF | ) | |
| AMERICA, N.A., STERLING NATIONAL | ) | |
| LEASING, JOHN DEERE LANDSCAPERS, | ) | |
| INC., AS SUCCESSOR IN INTEREST OF | ) | |
| MCGINNIS FARMS, INC., CAPITAL | ) | |
| ALLIANCE FINANCIAL, LLC, | ) | |
| ZUMPANO ENTERPRISES, INC., | ) | |
| BRAND-VAUGHAN LUMBER CO., INC., | ) | |
| SUPERIOR MASONRY CONTRACTORS, | ) | |
| INC., MASCO BUILDER SERVICES | ) | |
| GROUP, INC. DBA CONTRACTOR | ) | |
| SERVICES OF GEORGIA, DISCOVERR | ) | |
| BANK, WORLDCLAIM GLOBAL CLAIMS | ) | |
| MANAGEMENT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT IN INTER PLEADER

COMES NOW, Plaintiff-in-Interpleader Owners Insurance Company

("Owners"), and hereby files this Complaint in Interpleader, showing this Honorable Court as follows:

**JURISDICTION, PARTIES, VENUE, AND APPLICABLE LAW**

1.

This is an action in interpleader per 28 U.S.C. § 1335 brought pursuant to a claim made by Defendant James Galiah against Owners Insurance Company as insurer. This Court has jurisdiction pursuant to 28 U.S.C. § 1335, as the matter involves a civil action of Interpleader where the amount in controversy, without interest and cost, exceeds Five Hundred Dollars ($500.00), two or more of the adverse claimants are of diverse citizenship, as appears more fully below, and Plaintiff-in-Interpleader intends to deposit the disputed funds into the registry of this Court.

2.

Plaintiff-in-Interpleader Owners is a citizen of a foreign state, being a corporation organized and existing under the laws of the State of Ohio and having its principal place of business in the State of Michigan.

3.

Defendant James Galiah is a citizen of the State of Georgia and resides at 4361 Sunset Crest Trail, Lilburn, Georgia 30047. Defendant James Galiah is

subject to the jurisdiction and venue of this Court.

4.

Defendant EMC Mortgage Corporation is a citizen of a foreign state, being a limited liability company organized and existing under the laws of the State of Delaware and having its principal place of business in the State of Texas. Defendant EMC Mortgage Corporation may be served with process at its registered agent in the State of Georgia, CT Corporation System, 1201 Peachtree Street, NE, Atlanta, GA 30361.  EMC Mortgage is authorized to transact business within the State of Georgia and is subject to jurisdiction and venue of this Court.

5.

Defendant Wells Fargo & Company is a Delaware corporation with its principal place of business in San Francisco, California.  Upon information and belief, Wells Fargo & Company is the corporate successor to Wachovia Bank, National Association.  Defendant Wells Fargo & Company may be served with process at its registered agent in the State of Delaware, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.  Wells Fargo & Company is authorized to transact business within the State of Georgia and is subject to jurisdiction and venue of this Court.

6.

Defendant JPMorgan Chase Bank is a citizen of a foreign state, being a corporation organized and existing under the laws of the State of New York and having its principal place of business in the State of New York.  Defendant JPMorgan Chase may be served with process at its registered agent in the State of Georgia, CT Corporation System, 1201 Peachtree Street, NE, Atlanta, Georgia 30361.  JPMorgan Chase is authorized to transact business within the State of Georgia and is subject to jurisdiction and venue of this Court.

7.

Defendant The Private Bank f/k/a Piedmont Bank of Georgia is a citizen of the State of Georgia, being a corporation organized and existing under the laws of the State of Georgia and having its principal place of business in the State of Georgia.  Defendant The Private Bank may be served with process to its registered agent in the State of Georgia, Terence Freeman, 3565 Piedmont Road, Building 3, Suite 210, Atlanta, Georgia 30305.  The Private Bank is authorized to transact business within the State of Georgia and is subject to jurisdiction and venue of this Court.

8.

Defendant Conyers Winnelson Co. is a citizen of a foreign state, being a

corporation organized and existing under the laws of the State of Delaware and having its principal place of business in the State of Georgia.  Defendant Conyers Winnelson Co. may be served with process at its registered agent in the State of Georgia, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.  Conyers Winnelson Co. is authorized to transact business within the State of Georgia and is subject to jurisdiction and venue of this Court.

9.

Defendant Bank of America, N.A. is a citizen of a foreign state, being a corporation organized and existing under the laws of the State of North Carolina and having its principal place of business in the State of North Carolina. Defendant Bank of America may be served with process at its registered agent in the State of North Carolina, CT Corporation System, 150 Fayetteville St., Box 1011, Raleigh, NC 27601.  Bank of America is authorized to transact business within the State of Georgia and is subject to jurisdiction and venue of this Court.

10.

Defendant John Deere Landscapes, Inc., as successor in interest of McGinnis Farms, Inc., is a citizen of a foreign state, being a corporation organized and existing under the laws of the State of Delaware and having its principal place of

5

business in the State of Georgia.  Defendant John Deere Landscapes, Inc. may be

served with process at its registered agent in the State of Georgia, CT Corporation

System, 1201 Peachtree Street, NE, Atlanta, GA 30361.  John Deere Landscapes,

Inc. is authorized to transact business within the State of Georgia and is subject to

jurisdiction and venue of this Court.

11.

Defendant Capital Alliance Financial, LLC is a citizen of a foreign state,

being a limited liability company organized and existing under the laws of the

State of Michigan and having its principal place of business in the State of

Michigan.  Defendant Capital Alliance Financial, LLC may be served with process

at its registered agent in the State of Georgia, CT Corporation System, 1201

Peachtree Street, NE, Atlanta, GA 30361.  Capital Alliance Financial, LLC is

authorized to transact business within the State of Georgia and is subject to the

jurisdiction and venue of this Court.

12.

Defendant Zumpano Enterprises, Inc. is a citizen of the State of Georgia,

being a corporation organized and existing under the laws of the State of Georgia

and having its principal place of business in the State of Georgia.  Defendant

Zumpano Enterprises, Inc. may be served with process to its registered agent in the

6

State of Georgia, Mr. James J. Zumpano, 6354 Warren Drive, Norcross, GA

30093.  Zumpano Enterprises, Inc.  is authorized to transact business within the

State of Georgia and is subject to jurisdiction and venue of this Court.

13.

Defendant Brand-Vaughan Lumber Co., Inc. is a citizen of the State of

Georgia, being a corporation organized and existing under the laws of the State of

Georgia and having its principal place of business in the State of Georgia.

Defendant Brand-Vaughan Lumber Co., Inc. may be served with process to its

registered agent in the State of Georgia, Cranston H. Vaughan, Jr., 3602

Lawrenceville Hwy., Tucker, Georgia 30084.  Brand-Vaughan Lumber Co., Inc. is

authorized to transact business within the State of Georgia and is subject to

jurisdiction and venue of this Court.

14.

Defendant Oldcastle APG South, Inc. d/b/a Georgia Masonry Supply is a

citizen of a foreign state, being a corporation organized and existing under the laws

of the State of North Carolina and having its principal place of business in the State

of Georgia.  Defendant Oldcastle APG South, Inc. may be served with process at

its registered agent in the State of Georgia, Corporation Service Company, 40

Technology Parkway South, Suite 300, Norcross, GA 30092.  Oldcastle APG

7

South, Inc. is authorized to transact business within the State of Georgia and is subject to jurisdiction and venue of this Court.

15.

Upon information and belief, Defendant Sterling National Leasing is a citizen of a foreign state, being a corporation organized and existing under the laws of the State of New York and having its principal place of business in the State of New York. Defendant Sterling National Leasing may be served with process in the State of New York to its Chief Executive Officer, Louis J. Cappelli, 650 Fifth Avenue, Fourth Floor, New York, New York 10019.  Sterling National Leasing is authorized to transact business within the State of Georgia and is subject to jurisdiction and venue of this Court.

16.

Defendant Superior Masonry Contractors, Inc. is a citizen of the State of Georgia, being a corporation organized and existing under the laws of the State of Georgia and having its principal place of business in the State of Georgia. Defendant Superior Masonry Contractors, Inc. may be served with process to its registered agent in the State of Georgia, William H. Arroyo, Esq., 2889 Ivy Brook Lane, Buford, GA 30519.  Superior Masonry Contractors, Inc. is authorized to transact business within the State of Georgia and is subject to jurisdiction and

venue of this Court.

17.

Upon information and belief, Defendant Masco Builder Services Group, Inc. d/b/a Contractor Services of Georgia is a citizen of the State of Florida, being a corporation organized and existing under the laws of the State of Florida and having its principal place of business in the State of Michigan.  Defendant Masco Builder Services Group, Inc. d/b/a Contractor Services of Georgia  may be served with process at its registered agent in the State of Georgia, The Corporation Company, 328 Alexander Street, Suite 10, Marietta, GA 30060.  Masco Builder Services Group, Inc. d/b/a Contractor Services of Georgia is authorized to transact business within the state of Georgia and is subject to the jurisdiction and venue of this Court.

18.

Upon information and belief, Defendant Discover Bank is a citizen of the State of Delaware, being a corporation organized and existing under the laws of the State of Delaware and having its principal place of business in the State of Delaware.  Defendant Discover Bank  may be served with process at its registered agent in the State of Delaware, The Corporation Trust Company, 1209 Orange Street, The Corporation Trust Center, Wilmington, Delaware 19801.  Discover

Bank is authorized to transact business within the state of Georgia and is subject to the jurisdiction and venue of this Court.

19.

Defendant WorldClaim Global Claims Management, LLC is a citizen of the State of New York, being a corporation organized and existing under the laws of the State of New York and having its principal place of business in the State of Georgia.  Defendant WorldClaim Global Claims Management, LLC may be served at its registered agent in the State of New York, the Office of the New York Department of State, One Commerce Plaza, 99 Washington Avenue, Albany, New York 12231. WorldClaim Global Claims Management, LLC is authorized to transact business within the State of Georgia and is subject to jurisdiction and venue of this Court.

20.

Jurisdiction and venue are proper before this Court pursuant to 28 U.S.C. § 1397.

21.

Owners brings this Interpleader Complaint because there is a genuine dispute regarding the appropriate disbursement of insurance proceeds stemming

from a fire loss to property, both real and personal, located at 4361 Sunset Crest Trail, Lilburn, Georgia 30047 (hereinafter "insured property").

## THE POLICY

22.

Owners issued a homeowners policy of insurance bearing policy number 46-287-645-00 (hereinafter "policy") on the insured property with Defendant James Galiah as the named insured. Defendants EMC Mortgage and Wachovia Bank are listed on the Declarations page of the policy as named mortgagees.  The policy period is March 17, 2012 to March 17, 2013.  A true and correct copy of the policy is attached hereto as Exhibit "A".

23.

Upon information and belief, Wells Fargo & Company is the corporate successor to Wachovia Bank and has retained rights to all insurance policies in which Wachovia Bank was named as a party in interest.

24.

The policy limit for the dwelling is $468,500.00, subject to the terms and provisions of the insurance contract.

25.

The policy limit for personal property is $327,950.00, subject to the terms and provisions of the insurance contract.

**THE LOSS**

26.

On or about November 11, 2012, the insured property, 4361 Sunset Crest Trail, Lilburn, Georgia, and personal property contained therein, was damaged by fire.

27.

Owners prepared an estimate of the damage to the dwelling and its contents based on inspections undertaken immediately after the fire.

28.

Owners determined that the actual cash value of repairs to the dwelling is $468,802.88, less the $1,000.00 deductible. An additional amount of $71,585.53 in replacement cost holdback benefits on the dwelling is available, if incurred, subject to all policy terms and conditions and applicable Georgia law.  See Marchman v. Grange Mut. Ins. Co., 232 Ga. App. 481, 500 S.E. 2d 659 (1998).

29.

Owners further determined that the actual cash value of the personal property is $138,127.56.  Owners has already issued two advance payments totaling $17,500.00 to the named insured for personal property, thereby reducing the actual cash value still owed for this loss to $120,627.56.  An additional amount of $71,427.39 in replacement cost holdback benefits on the personal property is available, if incurred, subject to all policy terms and conditions and applicable Georgia law.

## THE PUBLIC ADJUSTER

30.

Following the fire, Defendant James Galiah retained Defendant WorldClaim Global Claims Management to provide certain services as outlined within the Agreement between the parties.

31.

Upon information and belief, the Agreement between Defendant James Galiah and Defendant WorldClaim Global Claims Management requires that a portion of any claim proceeds paid by Plaintiff be submitted to WorldClaim Global Claims Management.

## THE LIEN HOLDERS

32.

Defendants EMC Mortgage and Wachovia Bank are identified as named mortgagees on the Declarations page of the policy.  Upon information and believe, Wells Fargo & Company is the corporate successor to Wachovia Bank and retained rights to all insurance policies in which Wachovia Bank was named as a party in interest.

33.

Defendant JPMorgan Chase has also been identified as a mortgagee for the loss property.  See Property Loss Notice, Exhibit "B."

34.

Defendant The Private Bank, formerly known as Piedmont Bank of Georgia, is the holder of a judgment lien against Defendant James Galiah's goods, chattels, lands and tenements, including the property involved in the above-referenced fire loss.  Defendant The Private Bank obtained a judgment against Defendant James Galiah on April 10, 2009.  On May 20, 2009, Defendant The Private Bank filed a Writ of Fieri Facias, which states that Defendant The Private Bank is owed a judgment amount totaling $236,815.79, plus a per diem amount of $33.63 from April 3, 2009, and future interest upon said principal amount of $193,681.11 from

the date of judgment at 6.250% per annum.  See The Private Bank v. River Wood Homes, Inc. and James Galiah, Writ of Fieri Facias, Exhibit "C."

35.

Defendant Oldcastle APG South, Inc. d/b/a Georgia Masonry Supply is the holder of a judgment lien against Defendant James Galiah's goods, chattels, lands and tenements, including the property involved in the above-referenced fire loss. Defendant Oldcastle APG South, Inc. obtained a judgment against Defendant James Galiah on August 13, 2009.  On May 25, 2009, Defendant Oldcastle APG South, Inc. filed a Writ of Fieri Facias, which states that Defendant Oldcastle APG South, Inc. is owed a judgment amount totaling $37,751.18, plus future interest upon said principal amount of $32,554.94 from the date of judgment at the legal rate.  See Oldcastle APG South, Inc. d/b/a Georgia Masonry Supply v. James J. Galiah, Writ of Fieri Facias, Exhibit "D."

36.

Defendant Conyers Winnelson Co. is the holder of a judgment lien against Defendant James Galiah's goods, chattels, lands and tenements, including the property involved in the above-referenced fire loss.  Defendant Conyers Winnelson Co. obtained a judgment against Defendant James Galiah on August 26, 2009.  On September 15, 2009, Defendant Conyers Winnelson Co. filed a Writ of Fieri

Facias, which states that Defendant Conyers Winnelson Co. is owed a judgment amount totaling $21,823.74, plus future interest upon said principal amount of $15,514.28 from the date of judgment at 18.000% per annum. See Conyers Winnelson Co. v. James J. Galiah and River Wood Homes, Inc., Writ of Fieri Facias, Exhibit "E."

37.

Defendant Bank of America, N.A. is the holder of a judgment lien against Defendant James Galiah's goods, chattels, lands and tenements, including the property involved in the above-referenced fire loss. Defendant Bank of America, N.A. obtained a judgment against Defendant James Galiah on October 28, 2009 On November 18, 2009, Defendant Bank of America, N.A. filed a Writ of Fieri Facias, which states that Defendant Bank of America, N.A. is owed a judgment amount totaling $30,082.81, plus future interest upon said principal amount of $29,979.81from the date of judgment at the legal rate. See Bank of America, N.A. v. James J Galiah, Writ of Fieri Facias, Exhibit "F."

38.

Defendant Sterling National Leasing is the holder of a judgment lien against Defendant James Galiah's goods, chattels, lands and tenements, including the property involved in the above-referenced fire loss. Defendant Sterling National

16

Leasing obtained a judgment against Defendant James Galiah on December 9, 2009.  On February 1, 2010, Defendant Sterling National Leasing filed a Writ of Fieri Facias, which states that Defendant Sterling National Leasing is owed a judgment amount totaling $171,120.71, plus future interest upon said principal amount of $119,914.23 from the date of judgment at the legal rate.  See Sterling National Leasing v. Rivert Wood Homes, Inc. and James Jamal Galiah, Writ of Fieri Facias, Exhibit "G."

39.

Defendant John Deere Landscapes, Inc., as successor in interest of McGinnis Farms, Inc, is the holder of a judgment lien against Defendant James Galiah's goods, chattels, lands and tenements, including the property involved in the above-referenced fire loss.  Defendant John Deere Landscapes, Inc. obtained a judgment against Defendant James Galiah on December 16, 2009.  On February 4, 2010, Defendant John Deere Landscapes, Inc.  filed a Writ of Fieri Facias, which states that Defendant John Deere Landscapes, Inc. is owed a judgment amount totaling $6,890.90, plus future interest upon said principal amount of $5,614.24 from the date of judgment at the legal rate.  See John Deere Landscapes, Inc. as successor in interest of McGinnis Farms, Inc. v. River Wood Homes, Inc. and James Galiah, Writ of Fieri Facias, Exhibit "H."

40.

Defendant Capital Alliance Financial LLC is the holder of a judgment lien against Defendant James Galiah's goods, chattels, lands and tenements, including the property involved in the above-referenced fire loss.  Defendant Capital Alliance Financial LLC obtained a judgment against Defendant James Galiah on January 6, 2010.  On February 5, 2010, Defendant Capital Alliance Financial filed a Writ of Fieri Facias, which states that Defendant Capital Alliance Financial is owed a judgment amount totaling $7,365.09, plus future interest upon said principal amount of $6,762.08 from the date of judgment at 16.000% per annum.  See Capital Alliance Financial LLC v. James Galiah, Writ of Fieri Facias, Exhibit "I."

41.

Defendant Zumpano Enterprises, Inc. is the holder of a judgment lien against Defendant James Galiah's goods, chattels, lands and tenements, including the property involved in the above-referenced fire loss.  Defendant Zumpano Enterprises, Inc. obtained a judgment against Defendant James Galiah on March 17, 2010.  On March 19, 2010, Defendant Zumpano Enterprises, Inc. filed a Writ of Fieri Facias, which states that Defendant Zumpano Enterprises, Inc. is owed a judgment amount totaling $3,361.27, plus future interest upon said principal

amount of $2,482.54 from the date of judgment at the legal rate.  See Zumpano Enterprises, Inc. v. River Wood Homes, Inc. and James Galiah, Guarantor, Writ of Fieri Facias, Exhibit "J."

42.

Defendant Brand-Vaughan Lumber Co., Inc. is the holder of a judgment lien against Defendant James Galiah's goods, chattels, lands and tenements, including the property involved in the above-referenced fire loss.  Defendant Brand-Vaughan Lumber Co., Inc. obtained a judgment against Defendant James Galiah on March 5, 2010.  On March 31, 2010, Defendant Brand-Vaughan Lumber Co., Inc. filed a Writ of Fieri Facias, which states that Defendant Brand-Vaughan Lumber Co., Inc. is owed a judgment amount totaling $276,404.23, plus future interest upon said principal amount of  $200, 899.90 from the date of judgment at the legal rate.  See Brand-Vaughan Lumber Co., Inc. v. River Wood Homes Inc., and James J. Galiah, Writ of Fieri Facias, Exhibit "K."

43.

Defendant Superior Masonry Contractors, Inc. is the holder of a judgment lien against Defendant James Galiah's goods, chattels, lands and tenements, including the property involved in the above-referenced fire loss.  Defendant Superior Masonry Contractors, Inc. obtained a judgment against Defendant James

19

Galiah on June 30, 2010.  On July 20, 2010, Defendant Superior Masonry

Contractors, Inc. filed a Writ of Fieri Facias, which states that Defendant Superior

Masonry Contractors, Inc. is owed a judgment amount totaling $71,802.60, plus

future interest upon said principal amount of $49,775.00 from the date of judgment

at the legal rate.  See Superior Masonry Contractors, Inc. v. James Galiah,

Individually, and as Owner and Corporate Officer of River Wood Homes, Inc., and

River Wood Homes, Inc., Writ of Fieri Facias, Exhibit "L."

44.

Defendant Masco Builder Services Group, Inc. d/b/a Contractor Services of

Georgia is the holder of a judgment lien against Defendant James Galiah's goods,

chattels, lands and tenements, including the property involved in the above-

referenced fire loss.  Defendant Masco Builder Services Group, Inc. obtained a

judgment against Defendant James Galiah on June 14, 2010.  On July 28, 2010,

Defendant Masco Builders Services Group, Inc. filed a Writ of Fieri Facias, which

states that Defendant Masco Builder Services Group, Inc. is owed a judgment

amount totaling $434.50 for attorney's fees and court costs.  See Masco Builder

Services Group, Inc. d/b/a Contractor Services of Georgia v. James Galiah, CEO,

Writ of Fieri Facias, Exhibit "M."

45.

Defendant Discover Bank is the holder of a judgment lien against Iman Galiah's goods, chattels, lands and tenements.  According to the Warranty Deed for the insured property, attached hereto as Exhibit "N", Iman Galiah is a joint tenant with right of survivorship for the insured property along with James Galiah. Thus, the judgment lien against Iman Galiah thereby includes the property involved in the above-referenced fire loss.  Defendant Discover Bank obtained a judgment against Iman Galiah on September 27, 2010.  On November 10, 2010, Defendant Discover Bank filed a Writ of Fieri Facias, which states that Defendant Discover Bank is owed a judgment amount totaling $3,563.52, plus future interest upon said principal amount of $3,123.20 from the date of judgment at the legal rate.  See Discover Bank v. Iman Galiah, Writ of Fieri Facias, Exhibit "O."

## RELIEF IN INTERPLEADER

46.

Owners has concluded its adjustment of the fire claim and now stands ready to make payment for the real property and personal property damages, as previously set forth herein.

47.

Pursuant to the policy terms and conditions and applicable Georgia law, the Defendants-in-Interpleader are due $589,430.44, representing $468,802.88 for the actual cash value of the dwelling and $120,627.56 for the actual cash value of the personal property.   An additional amount of $71,585.53 in replacement cost holdback benefits on the dwelling is available and an additional amount of $71,427.38 in replacement cost holdback benefits on the personal property is available, if incurred, subject to all policy terms and conditions and applicable Georgia law.

48.

As set forth herein, each of the Defendants has or may have an individual claim to the policy proceeds held by Owners subject to the policy and applicable law, and by reason of the adverse and conflicting claims of Defendants, Owners is in doubt as to the proper apportionment of the proceeds among the Defendants.

49.

Concurrent with the filing of this Complaint, Plaintiff-in-Interpleader Owners has filed its Motion for Leave to Deposit Funds into the Registry of This Court in the sum of $589,430.44.

WHEREFORE, Plaintiff-in-Interpleader Owners Insurance Company prays as follows:

a.  That the Court issue an Order finding that Plaintiff-in-Interpleader is entitled to the remedy of interpleader;

b.  That the Court issue an Order directing Defendants-in-Interpleader to interplead and settle between themselves their right to the proceeds described herein, which Owners has requested to deposit into the Court's registry, via its concurrent motion for leave to deposit funds into the registry of the Court;

c.  That Owners be discharged from any further liability for the fire damage caused to the insured property on November 11, 2012, and for any other liability under the terms of the Policy in connection with this loss; and

d.  That Owners recover its costs, including its legal fees, in filing this Interpleader action, as well as any such further relief the Court deems just and proper.

This is to certify as required by LR 5.1C, N.D. Ga., that this document was prepared using Times New Roman 14-point font.

This 13th day of August, 2013.

Respectfully submitted,

/s/ Mark T. Dietrichs
Mark T. Dietrichs
Georgia State Bar No. 221722
Sarah L. Chambers
Georgia State Bar No. 326474

Swift, Currie, McGhee & Hiers, LLP
The Peachtree
Suite 300
1355 Peachtree Street, N.E.
Atlanta, Georgia 30309
(404) 874-8800